IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHASTEIA M. LEWIS, | § § § § | |
| *Pro Se Plaintiff*, | § § | |
| vs. | § § | CASE NO. 4:20-CV-00444 |
| STARCON INTERNATIONAL, INC., | § § § | |
| *Defendant*. | § § § | |

## DEFENDANT'S MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES

Defendant Starcon International, Inc. ("Starcon") files this Motion to Compel Disclosures and Discovery Responses pursuant to Federal Rule of Civil Procedure 37(a) and respectfully requests that this Court compel Plaintiff Shasteia M. Lewis to serve her Initial Disclosures and to provide responses and documents to Defendant's written discovery requests on a date certain to be determined by the Court. As set forth below, Plaintiff's refusal to respond <u>at all</u> to Defendant's First Set of Interrogatories and Request for Production, as well as Plaintiff's refusal to serve Initial Disclosures, necessitated this Motion to Compel.

**I.   RELEVANT PROCEDURAL BACKGROUND**

On July 17, 2020, this Court set August 17, 2020 as the deadline to exchange Initial Disclosures and April 1, 2021 as the deadline to complete discovery. ECF No. 14. On October 5, 2020, Defendant served written interrogatories, document requests, and a request for Plaintiff's Initial Disclosures via both e-mail and certified mail to the email and mailing addresses Plaintiff provided in her Complaint. *See* Exh. 1, Email to Shasteia Lewis dated October 5, 2020.[1] Plaintiff's

---

[1] Starcon also made a request for deposition dates to which Plaintiff has also failed to respond.

responses to the written discovery requests were due November 4, 2020. After Starcon did not receive any document production or discovery responses, it sent another letter and email to Plaintiff regarding the written discovery and Initial Disclosures on November 18, 2020. *See* Exh. 2, Email to Shasteia Lewis dated November 18, 2020. Counsel for Defendant then called Plaintiff on December 17, 2020 to request the discovery responses again. On the call, Plaintiff stated she had been traveling for work but confirmed her email address was correct. Defendant granted Plaintiff an extension to December 31, 2020 to respond to discovery. Defendant sent Plaintiff an email following the call re-attaching the written interrogatories, document requests, and request for Initial Disclosures and reiterated that if Plaintiff did not respond by December 31, 2020, Defendant would contact the Court regarding this matter. *See* Exh. 3, Email to Shasteia Lewis dated December 17, 2020. Despite the extension, Plaintiff has produced no documents, no Initial Disclosures, and no responses to the written discovery requests and still has not done so as of the date of this Motion. After Defendant submitted its Written Discovery Dispute letter to the Court, the Court authorized Defendant to file this Motion to Compel. ECF No. 15. The Court also extended the deadline to complete discovery to June 1, 2021. ECF No. 16.

## II. ISSUE FOR THE COURT

Whether Plaintiff should be compelled under Rule 37(a) to serve her Initial Disclosures and to respond to Starcon's written discovery requests.

## III. STANDARD OF REVIEW

A party may be compelled to make disclosures if it fails to make required disclosures under Federal Rule of Civil Procedure 26(a). *See* Fed. R. Civ. P. 37(a)(3)(A). Likewise, a party may be compelled to respond to discovery requests, if the party fails to answer an interrogatory under

Federal Rule of Civil Procedure 33, or if the party fails to produce documents as requested under Federal Rule of Civil Procedure 34. *See* Fed. R. Civ. P. 37(a)(3)(B).

## IV. ARGUMENT AND AUTHORITIES

The primary purpose of discovery is to "allow the parties to develop fully and crystalize concise factual issues for trial." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973). The discovery provisions of the Federal Rules help to "prevent prejudicial surprises and conserve precious judicial energies." *Id.*

Where a party has failed to appropriately respond to discovery requests, the other party may move the Court for an order compelling discovery answers and document production from the offending party. *See* Fed. R. Civ. P. 37(a)(1). If a motion to compel discovery is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party [] whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,] subject to limited exceptions under the Rules. Fed. R. Civ. P. 37(a)(5).

As shown below, Plaintiff has failed to respond to Starcon's discovery requests, despite Starcon's good faith efforts to grant Plaintiff extensions to serve Initial Disclosures and respond to the discovery requests. Therefore, Starcon respectfully requests that the Court grant this Motion and compel Plaintiff's cooperation in discovery.

### a. Plaintiff has failed to serve her Initial Disclosures required under Federal Rule of Civil Procedure 26(a).

When a party fails to make a required disclosure under Federal Rule of Civil Procedure 26(a), a court may compel the party to make the required disclosure. *See* Fed. R. Civ. P. 37(a)(3)(A). According to this Court's Order, the parties were to exchange Initial Disclosures by August 17, 2020. ECF No. 14. Despite repeated reminders and requests by Defendant, as of the

date of this Motion and more than seven months after their due date per the Court's Order, Plaintiff still has not served her Initial Disclosures. *See* Exh. 3. Because Plaintiff failed to serve Initial Disclosures as required by Federal Rule of Civil Procedure 26(a) and the Court's Order, Starcon requests that Plaintiff be compelled to do so by a date certain to be determined by the Court.

      **b. Plaintiff has failed to respond to Defendant's First Set of Interrogatories and Requests for Production.**

When a party fails to answer an interrogatory or request for production submitted under Federal Rules of Civil Procedure 33 and 34, the court may compel the party to answer. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii); *see Williams v. Best Temp. Servs., LLC*, No. 3:14-CV-484-D, 2015 WL 12763507, at *2 (N.D. Tex. May 22, 2015) (granting motion to compel under Federal Rule of Civil Procedure 37(a) and requiring Plaintiff to serve complete written responses and produce all responsive documents, without objections, in response to Defendant's First Set of Requests for Production and First Set of Interrogatories to Plaintiff after Plaintiff failed to serve any responses, answers or objections to Defendant's document requests and interrogatories by the requisite deadline). Further, "when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989).

Again, Starcon served its First Set of Interrogatories and Requests for Production on October 5, 2020 and Plaintiff's deadline to respond was November 4, 2020. As of the date of this Motion, Plaintiff has failed to respond <u>at all</u> to these requests. Because Plaintiff has failed to provide any response to Defendant's First Set of Interrogatories and Requests for Production, Starcon requests that Plaintiff be compelled to do so, without objections.

### c. This Court has inherent authority to dismiss this case for want of prosecution and/or failure to Comply with a Court Order.

This Court has the inherent authority to dismiss a case for want of prosecution where, as here, a plaintiff refuses to engage in discovery and/or fails to comply with a court order. Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031-32 (5th Cir. 1998); *Riggs v. City of Pearland*, 177 F.R.D. 395, 400-01 (S.D. Tex. 1997) ("For the violation of a discovery Order, and therefore for violation of a Rule 16 Order, a District Court can, among other things, order the dismissal of a claim and the payment of the opposing party's expenses, including attorney's fees." (citing *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)). Such a decision is reviewed for abuse of discretion and may be made with or without prejudice. *Larson*, 157 F.3d at 1032; *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996); *Nottingham v. Warden, Bill Clements Unit.*, 837 F.3d 438, 440 (5th Cir. 2016) (noting that a dismissal with prejudice "is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice" (internal citations and quotations omitted)). In *Larson*, the magistrate judge ordered the pro se plaintiff to file an affidavit and warned plaintiff that failure to do so might result in dismissal of his case. Plaintiff failed to comply with the court's order, and the district court dismissed his case without prejudice for want of prosecution. *Larson*, 157 F.3d at 1031. The Fifth Circuit affirmed, holding that the district court "acted well within the bounds of its discretion when it dismissed for want of prosecution." *Id.* at 1032.

"A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (affirming dismissal of plaintiff's Section 1983 complaint, after plaintiff failed to perfect service for almost ten months after filing complaint). Here, this Court provided clear guidance to all parties, including Plaintiff, regarding their obligations to litigate this case and

communicate with one another. Plaintiff repeatedly refuses to comply with the discovery rules or with this Court's clear order. Consequently, this Court has discretion to dismiss Plaintiff's Complaint.

### d. Defendant is entitled to an award of reasonable expenses incurred as a result of this Motion.

Because Plaintiff has failed to serve Initial Disclosures or respond to Starcon's Interrogatories and Request for Production despite attempts from Starcon to confer with Plaintiff, Starcon has been left no option but to file this Motion to seek relief from the Court, as allowed by Rule 37(a)(1). Starcon has incurred reasonable and necessary expenses, including attorney's fees, as a result of having to seek relief from the Court. These expenses could have been avoided had Plaintiff responded to Starcon's discovery requests or in response to Starcon's attempts to confer with her. Because of this, Starcon respectfully requests that the Court grant this Motion, and award it reasonable expenses, including attorney's fees, which were incurred in making this Motion under Rule 37(a)(5).

## V. CONCLUSION

For the reasons stated herein, Starcon respectfully requests that the Court enter an Order compelling Plaintiff to produce her Initial Disclosures and respond to Defendant's Interrogatories and Request for Production under Federal Rule of Civil Procedure 37(a).

Dated: April 5, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Travis J. Odom*
Kelcy L. Palmer, Of Counsel　　　　　　Travis J. Odom, Attorney-in-Charge
State Bar No. 24088099　　　　　　　　State Bar No. 24056063
Federal ID No. 2524981　　　　　　　　Federal ID No. 997750
kpalmer@littler.com　　　　　　　　　　TOdom@littler.com
LITTLER MENDELSON, P.C.　　　　　　　LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900　　　　1301 McKinney Street, Suite 1900
Houston, TX  77010　　　　　　　　　　Houston, TX  77010
713.951.9400　　　　　　　　　　　　　713.951.9400
713.951.9212 (Fax)　　　　　　　　　　713.951.9212 (Fax)

**ATTORNEYS FOR DEFENDANT STARCON INTERNATIONAL, INC.**

## CERTIFICATE OF CONFERENCE

　　　I hereby certify that I conferred with Plaintiff regarding the relief sought in this motion via email on November 18, 2020 and via email and phone on December 17, 2020. Plaintiff has not provided any position on the relief sought.

　　　　　　　　　　　　　　　　　　　*/s/ Kelcy L. Palmer*
　　　　　　　　　　　　　　　　　　　Kelcy L. Palmer

## CERTIFICATE OF SERVICE

       I hereby certify that on April 5, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing, and service will also be made by certified mail, return receipt requested, to the following:

Shasteia M. Lewis
13047 Pepper Gate Lane
Houston, Texas 77044
Email: shastielewis@yahoo.com

**PRO SE PLAINTIFF**

       */s/ Kelcy L. Palmer*
       Kelcy L. Palmer