IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHASTEIA M. LEWIS, | § | |
| | § | |
| *Pro Se Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | CASE NO. 4:20-CV-00444 |
| STARCON INTERNATIONAL, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

## DEFENDANT'S RENEWED MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES AND MOTION TO DISMISS BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH COURT'S DISCOVERY ORDER

Defendant Starcon International, Inc. ("Starcon") files its Renewed Motion to Compel Disclosures and Discovery Responses pursuant to Federal Rule of Civil Procedure 37(a) and Motion to Dismiss Based on Plaintiff's Failure to Comply with Court's Discovery Order pursuant to Rule 37(b) and 41(b) and respectfully requests that this Court subject Plaintiff to sanctions, including but not limited to dismissal of her claims.

As set forth below, despite the Court's Order entered April 23, 2021, Plaintiff has still not responded <u>at all</u> to Defendant's First Set of Interrogatories and Request for Production, served Initial Disclosures, or communicated in anyway with Starcon's counsel.

### I. RELEVANT PROCEDURAL BACKGROUND

As fully described in Starcon's Motion to Compel Disclosures and Discovery Responses (Dkt. 17), written discovery was served to the Plaintiff on October 5, 2020. Plaintiff did not respond to those requests despite repeated reminders and requests initiated by Starcon and a lengthy extension from Starcon. As a result, Starcon moved this Court to Compel Disclosures and

Discovery Responses on April 5, 2021. Dkt. No. 17. Accordingly, on April 23, 2021, this Court ordered as follows:

> IT IS ORDERED that, within 14 days of this Order, Plaintiff must serve her Initial Disclosures as required by Federal Rule of Civil Procedure 26(a) and provide responses to Defendant's First Set of Interrogatories to Plaintiff and First Request for Production to Plaintiff.
> In the event that Plaintiff fails to comply with this Order, she will be subject to sanctions to be determined by the Court, including but not limited to dismissal of her claims.

Dkt. 18.

As of May 28, 2021, Starcon still has not received discovery responses nor has Plaintiff made any contact with Starcon.

## II. ISSUE FOR THE COURT

Whether Plaintiff should be subject to sanctions, including dismissal of her claims, for failure to comply with the Court's Order dated April 23, 2021.

## III. ARGUMENT AND AUTHORITIES

Plaintiff has failed to engage in discovery, despite the Court's Order dated April 23, 2021 requiring Plaintiff to serve Initial Disclosures and respond to Starcon's written discovery requests. Starcon renews its Motion to Compel Disclosures and Discovery Responses and all arguments stated therein. Dkt. 17. Because Plaintiff has not complied with the Court's Order dated April 23, 2021, Starcon respectfully requests that the Court subject Plaintiff to sanctions, including dismissal of her claims. Dkt. 18.

Federal Rule of Civil Procedure 37(b) provides for sanctions the court may enter against the disobedient party. "District courts have discretion to determine what sanctions are appropriate under Rule 37." *Olivarez v. GEO Grp. Inc.*, No. EP-14-CV-00436-FM, 2015 WL 13227822, at *10 (W.D. Tex. Oct. 20, 2015), *aff'd,* 844 F.3d 200 (5th Cir. 2016) (citing *Pressey v. Patterson*,

898 F.2d 1018, 1020 (5th Cir. 1990)). Sanctions, including dismissal, may be appropriately ordered against a pro se plaintiff since "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991).

A district court may also dismiss a plaintiff's claims *sua sponte* for failure "to prosecute or to comply with any order of court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Fed. R. Civ. P. 41(b)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Specifically, Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order or directive. *See* Fed. R. Civ. P. 41(b). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

    a. **Plaintiff's claims should be dismissed.**

To support the severest sanctions under Rule 37(b)(A) -- striking pleadings or dismissing a case—the Fifth Circuit has usually required a finding of bad faith or willful conduct. *Pressey*, 898 F.2d at 1021. Willfulness may be shown by a repeated failure to provide anything other than generalized or non-responsive answers in response to specific requests for compliance by the opposing party and by the court. *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 303 (5th Cir. 2007). Here, Plaintiff has been asked repeatedly by the Defendant to provide discovery responses and has been explicitly instructed to provide disclosures and discovery responses by the Court, but has been completely non-responsive. *See* Dkt. 17 at Exhs. 2, 3; Dkt. 18. This is sufficient to show willfulness by the Plaintiff.

The Fifth Circuit has specifically required, in addition to a finding of willfulness, several factors which must be present prior to dismissing a case for violating a discovery order. Those factors include: (1) that the violation of the discovery order be attributable to the client instead of the attorney; (2) that the violating party's misconduct must cause substantial prejudice to the opposing party and; (3) a finding that less drastic sanctions would not be appropriate. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994).

Given that Plaintiff represents herself *pro se*, her failure to respond to the discovery is attributable only to her. If the Court allows any claims to proceed, Starcon would be substantially prejudiced by Plaintiff's failure to timely respond to the discovery requests as the discovery period in this case closes June 1. Finally, less drastic sanctions would not be appropriate – the Court has given Plaintiff ample opportunity to comply with her discovery obligations and Plaintiff has chosen not to communicate with either the Court or Starcon, despite ample warning that her failures could result in dismissal. *See Sawyer v. Geico Gen. Ins. Co.*, No. 4:15-CV-03737, 2017 WL 2427733, at *3 (S.D. Tex. May 18, 2017), *report and recommendation adopted,* No. CV H-15-3737, 2017 WL 2423068 (S.D. Tex. June 5, 2017) (stating that "a less drastic remedy would not be effective because it is clear Plaintiff has no intention of complying with her discovery obligations, nor does she have funds to pay a monetary penalty."). She simply refuses to participate in the discovery process, and moreover appears to refuse to no longer participate in this proceeding at all. Indeed, her silence and thus refusal to participate in the discovery process is intentional.

Based on Plaintiff's failure to make disclosures, engage in discovery, or even respond to motions filed in this Court, dismissal of Plaintiff's claims with prejudice is justified under Federal Rules of Civil Procedure 37(b) and 41(b).

### b. Starcon is entitled to reasonable expenses.

Instead of or in addition to sanctions under Rule 37(b)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(C). Here, Starcon was left no option but to file its Motion to Compel Disclosures and Discovery Responses to seek relief from the Court and to again file this Motion after Plaintiff's failure to comply with the Court's Order dated April 23, 2021. Starcon has incurred reasonable and necessary expenses, including attorney's fees, as a result of having to seek relief from the Court. These expenses could have been avoided had Plaintiff responded to Starcon's discovery requests or Starcon's attempts to confer with her or complied with the Court's Order dated April 23, 2021. As discussed, *supra*, because of her failure to participate in the discovery process, dismissing Plaintiff's claims is warranted. An award of reasonable expenses to Starcon in defending this matter is just.

## IV. CONCLUSION

For the reasons stated herein, Starcon respectfully requests that the Court dismiss this matter pursuant to Rule 37 and 41, and award it reasonable expenses, including attorneys' fees.

Dated: June 1, 2021                                    Respectfully submitted,

                                                       /s/ Travis J. Odom
Kelcy L. Palmer, Of Counsel                            Travis J. Odom, Attorney-in-Charge
State Bar No. 24088099                                 State Bar No. 24056063
Federal ID No. 2524981                                 Federal ID No. 997750
kpalmer@littler.com                                    TOdom@littler.com
LITTLER MENDELSON, P.C.                                LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900                       1301 McKinney Street, Suite 1900
Houston, TX  77010                                     Houston, TX  77010
713.951.9400                                           713.951.9400
713.951.9212 (Fax)                                     713.951.9212 (Fax)

                                                       **ATTORNEYS FOR DEFENDANT
                                                       STARCON INTERNATIONAL, INC.**

## CERTIFICATE OF CONFERENCE

    I hereby certify that I conferred with Plaintiff regarding the relief sought by Starcon's Motion to Compel Disclosures and Discovery Responses, incorporated by reference, on November 18, 2020 and via email and phone on December 17, 2020. Plaintiff has not provided any position on the relief sought or made any other contact with regard to this litigation.

                                                       /s/ Kelcy L. Palmer
                                                       Kelcy L. Palmer

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing, and service will also be made by certified mail, return receipt requested, to the following:

Shasteia M. Lewis
13047 Pepper Gate Lane
Houston, Texas 77044
Email:  shastielewis@yahoo.com

**PRO SE PLAINTIFF**

       */s/ Kelcy L. Palmer*
       Kelcy L. Palmer